BISCHOFF v CALHOUN COUNTY PROSECUTOR

Docket No. 102962. Submitted June 13, 1988, at Grand Rapids. Decided December 20, 1988. Leave to appeal applied for.

Kenneth D. Bischoff entered into an employment contract with the Village of Tekonsha to be a police officer. The Tekonsha village attorney was subsequently advised by the Calhoun County Prosecuting Attorney that Bischoff had been the subject of a police investigation for possible criminal activities three to four years earlier. The prosecutor forwarded a copy of the police investigation report to the village attorney. Following receipt of the report and a subsequent meeting of the Tekonsha village council, Bischoff's employment was terminated. Bischoff filed suit against the Calhoun County Prosecutor in Calhoun Circuit Court seeking damages for alleged slander and libel, intentional interference with contractual and prospective contractual rights, and public disclosure of private facts. The court, James C. Kingsley, J., granted summary disposition in favor of defendant on the basis of common law prosecutorial immunity. Plaintiff appealed.

The Court of Appeals *held:*

1. Defendant is immune from liability under the governmental immunity statute. As prosecuting attorney, he falls within the category of elective executive officials of all levels of government who are accorded absolute immunity from all tort liability, including that for intentional torts, so long as they are acting within the scope of their executive authority.

2. The prosecutor was acting within the scope of his executive authority in acting to ensure that a potential police officer in his county was a person fit for the job.

Affirmed.

1. PROSECUTING ATTORNEYS — TORTS — GOVERNMENTAL IMMUNITY.

A prosecuting attorney's conduct on behalf of the people is an executive act for which the prosecutor is entitled to absolute

REFERENCES

Am Jur 2d, Public Officers and Employees §§ 358 *et seq.*

See the Index to Annotations under Privileges and Immunities; Prosecuting Attorneys.

immunity from all tort liability, including that for intentional torts, so long as the prosecutor is acting within the scope of his executive authority (MCL 691.1407[5]; MSA 3.996[107][5]).

2. PROSECUTING ATTORNEYS — DISCLOSURE OF POLICE INVESTIGATION REPORTS — EXECUTIVE AUTHORITY — GOVERNMENTAL IMMUNITY.

A prosecuting attorney was acting within his executive authority, for purposes of the governmental immunity statute, in informing a village attorney that a recently hired police officer for the village had been the subject of a police investigation for possible criminal activities three to four years earlier (MCL 691.1407[5]; MSA 3.996[107][5]).

*Theo. P. Hentchel,* for plaintiff.

*Stanton, Bullen, Nelson, Moilanen & Klaasen, P.C.* (by *Charles A. Nelson*), for defendant.

Before: WEAVER, P.J., and DOCTOROFF and M. F. SAPALA,* JJ.

PER CURIAM. Plaintiff appeals as of right from a July 28, 1987, order granting summary disposition to defendant Calhoun County Prosecutor Conrad Sindt. We affirm.

On July 23, 1985, plaintiff entered into an employment contract with the Village of Tekonsha to be a police officer. In August, 1985, the Tekonsha village attorney was advised by defendant that plaintiff had been the subject of a police investigation for possible criminal activities three to four years previously. At the request of the village attorney, defendant obtained and forwarded a copy of the police investigation report.

The report, dated April 13, 1981, indicated that plaintiff had approached two teen-age girls and asked to take pictures of them in bikini bathing suits. Plaintiff was in a parked van when he

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

approached the girls and had from ten to fifteen bathing suits in the van. The girls tried on the suits. The report further indicated that plaintiff had been involved in a similar incident one year earlier. The report advised that defendant had determined that insufficient evidence of a commission of a crime was presented in the report and accordingly did not initiate criminal proceedings against plaintiff.

Following receipt by the village attorney of the incident report and a subsequent meeting of the Tekonsha village council, plaintiff's services were terminated. On August 13, 1985, plaintiff filed this action against defendant seeking damages for alleged slander and libel, intentional interference with contractual and prospective contractual rights, and public disclosure of private facts. The trial court granted summary disposition to defendant on the basis of common-law prosecutorial immunity.

Prior to 1986, the law of governmental immunity as it applied to individual governmental officers, employees, and agents was a creature of judicial decision-making. In an attempt to delineate the law of governmental individual immunity, the Supreme Court, in *Ross v Consumers Power Co (On Reh)*, 420 Mich 567, 628-629; 363 NW2d 641 (1984), distinguished two categories of individual immunity. The Court held:

> [J]udges, legislators, and the highest executive officials of all levels of government are absolutely immune from all tort liability whenever they are acting within their judicial, legislative, or executive authority. Lower level officials, employees, and agents are immune from tort liability only when they are
> 1) acting during the course of their employment

and acting, or reasonably believe they are acting, within the scope of their authority,

2) acting in good faith; and

3) performing discretionary, as opposed to ministerial acts. [*Ross, supra,* pp 633-634.]

The standard for individual governmental immunity is now prescribed by statute. 1986 PA 175, § 1, which amended MCL 691.1407; MSA 3.996(107), provides in part:

(2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency shall be immune from tort liability for injuries to persons or damages to property caused by the officer, employee, or member while in the course of employment or service or volunteer while acting on behalf of a governmental agency if all of the following are met:

(a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage. As used in this subdivision, "gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

* * *

(5) Judges, legislators, and the elective or highest appointive executive officials of all levels of government are immune from tort liability for injuries to persons or damages to property when-

ever they are acting within the scope of their judicial, legislative, or executive authority.

The amendment applies to cases filed on or after July 1, 1986, 1986 PA 175, § 3, which includes the instant case, filed on August 13, 1986.

The Legislature adopted the *Ross* distinction between higher and lower level governmental employees. While modifying the *Ross* standard as it applies to lower level employees, the immunity standard for higher level officials virtually parallels the *Ross* holding. MCL 691.1407(5); MSA 3.996(107)(5).

We hold defendant to be immune from liability under subsection (5) of the governmental immunity statute. Defendant prosecutor is the chief law enforcement officer of the county. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 683; 194 NW2d 693 (1972). His conduct on behalf of the people is an executive act. *Id.* He falls within the category of "elective . . . executive officials of all levels of government" who are accorded absolute immunity so long as they are acting within the scope of their executive authority.

Plaintiff contends that the governmental immunity statute is inapplicable where damages are sought for an intentional tort. In *Smith v Dep't of Public Health,* 428 Mich 540, 544; 410 NW2d 749 (1987), reh den 429 Mich 1207 (1987), cert gtd sub nom *Will v Mich Dep't of State Police,* — US —; 108 S Ct 1466; 99 L Ed 2d 696 (1988), a majority of the Supreme Court held that "[t]here is no 'intentional tort' exception to governmental immunity." While that holding might be broadly read to apply to suits against individual governmental employees as well as suits against the state or local

agency[1] because of the ambiguity, we do not base our decision on *Smith.* Once again, our analysis rests on the statute.

1986 PA 175, which added both subsection (5) and subsection (2) (dealing with immunity for lower level employees), also added subsection (3), which provides:

> Subsection (2) shall not be construed as altering the law of intentional torts as it existed prior to the effective date of subsection (2).

While arguably subsection (3) evinces legislative intent to except intentional torts from the governmental immunity defense with respect to suits against lower level officials, we think the fact that no reference was made to subsection (5) in subsection (3) strongly indicates that the Legislature intended to immunize judges, legislators, and the elective or highest appointive executive officials from *all* tort liability, including that for intentional torts.

Plaintiff alternatively argues that, in releasing the police report to plaintiff's employer, defendant was not performing a judicial or quasi-judicial function, and therefore the absolute immunity defense is unavailable to defendant.

Apart from the development of the doctrine of governmental immunity there developed the concept of judicial immunity or privilege. That privilege has been extended to prosecuting attorneys on the theory that they act in a quasi-judicial capacity. *Belt v Ritter,* 385 Mich 402, 406; 189 NW2d 221 (1971). In *Bloss v Williams,* 15 Mich App 228, 232; 166 NW2d 520 (1968), this Court, quoting from *Yaselli v Goff,* 12 F2d 396, 406 (CA 2, 1926),

---

[1] *Stoick v Caro Community Hospital,* 167 Mich App 154, 166-167; 421 NW2d 611 (1988).

aff'd 275 US 503; 48 S Ct 155; 72 L Ed 395 (1927), explained the rationale for extension of the privilege to prosecuting attorneys:

> "The public interest requires that persons occupying such important positions and so closely identified with the judicial departments of the government should speak and act freely and fearlessly in the discharge of their important official functions."

In *Imbler v Pachtman,* 424 US 409; 96 S Ct 984; 47 L Ed 2d 128 (1976), the United States Supreme Court considered the question of prosecutorial immunity in the context of a suit brought under 42 USC 1983. The Court held that a prosecutor is absolutely immune from civil suits arising out of the initiation, prosecution, and presentment of the state's case. *Imbler, supra,* p 431. The Court's reasoning was summarized in *Payton v Wayne Co,* 137 Mich App 361, 367; 357 NW2d 700 (1984):

> The Court reasoned that such activities were "intimately associated with the judicial phase of the criminal process," and thus were activities which deserved the same degree of immunity as that provided under common law. *Imbler, supra,* p 430. The Court identified various considerations in support of its holding. The threat of suits, for example, would undermine the prosecutor's performance in that every decision would be clouded by considerations of his own potential liability for damages. Further, "unique and intolerable burdens" would be imposed if prosecutors were required to defend a decision requiring the exercise of discretion. *Imbler, supra,* pp 424-426. Thus, in considering the applicability of the defense of absolute immunity, the focus is on the *functional* nature of the prosecutor's activities which are the basis of the lawsuit rather than his status as a prosecutor. *Imbler, supra,* p 430. [Emphasis in original.]

See also *Davis v Eddie,* 130 Mich App 284, 286-288; 343 NW2d 11 (1983), lv den 419 Mich 943 (1984).

As we noted in *Payton, supra,* p 367, the federal courts, in applying the rule established in *Imbler,* have distinguished activity which is quasi-judicial in nature, and therefore absolutely immune, from prosecutorial activity which is essentially investigative or administrative and therefore entitled to only the protection of the qualified immunity. See *Manion v Michigan Bd of Medicine,* 765 F2d 590, 594 (CA 6, 1985); *Windsor v The Tennessean,* 719 F2d 155, 164 (CA 6, 1983), reh den 726 F2d 277 (CA 6, 1984), cert den 469 US 826; 105 S Ct 105; 83 L Ed 2d 50 (1984), and cases cited therein; *Stefaniak v Michigan,* 564 F Supp 1194, 1197 (WD Mich, 1983), in addition to the federal cases cited in *Payton, supra,* p 368. In *Payton, supra,* p 368, this Court noted certain factors considered by the federal courts in identifying prosecutorial activities which are essentially quasi-judicial:

> "[T]he physical and temporal relationship of the activity in question to the judicial process, the degree to which the acts depend upon legal opinions and/or discretionary judgments, and the extent to which the acts at issue are primarily concerned with the prosecutor's role as an advocate." (Footnotes omitted.) *Wilkinson v Ellis,* 484 F Supp 1072, 1081 (ED Pa, 1980).

Plaintiff argues that application of the noted factors to this case shows that the conduct of defendant, in advising the village attorney of the police report and releasing it to him, is not the kind of quasi-judicial activity entitled to absolute immunity. We think that a federal court, applying the federal standard, might well agree with plain-

tiff. See, e.g., *Windsor, supra,* where a majority of the Sixth Circuit panel, over a vigorous dissent, held that a United States Attorney was performing an administrative, not quasi-judicial, function in recommending the dismissal of an assistant United States Attorney.[2]

Our decision, however, in this case does not rest on the common-law doctrine of prosecutorial immunity, but rather on the governmental immunity doctrine as codified in MCL 691.1407; MSA 3.996(107). We are not prepared to read into the statutory provision a distinction between quasi-judicial and administrative or investigative activity. Subsection (5) provides absolute immunity to the covered executive officials whenever they are acting within the scope of their executive authority. Notice of plaintiff's hiring by the village came to defendant in his capacity as prosecutor and, as the chief law enforcement officer in the county, the prosecutor was acting within the scope of his executive authority in acting to ensure that a potential police officer in his county was a fit person for that job.[3] Defendant is immune from liability to plaintiff for defendant's having advised

[2] We do not think, however, that a federal court would necessarily reverse the order of summary disposition. Even if the complained-of activity is interpreted as administrative, rather than quasi-judicial, it is still protected by qualified immunity. Qualified immunity shields government officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v Fitzgerald,* 457 US 800, 818; 102 S Ct 2727; 73 L Ed 2d 396 (1982); *Windsor, supra,* p 165. Given our resolution of this case, it is unnecessary to consider whether defendant would be entitled to summary disposition on the basis of qualified immunity.

[3] Our conclusion is buttressed by MCL 37.2205a; MSA 3.548(205a), which exempts a law enforcement agency of the state or a political subdivision of the state from the general prohibition against requesting, making, or maintaining, in connection with an application for employment, a record regarding an arrest, detention, or disposition of a violation of law in which a conviction did not result.

the Tekonsha village attorney of the April 13, 1981, police incident report concerning plaintiff.

The order awarding summary disposition to defendant is affirmed.