# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICK-JOSEPH GROULX,

　　　　Plaintiff-Appellant,

v

BAY COUNTY PROSECUTOR OFFICE, BAY
COUNTY PROSECUTOR, JEFFREY D.
STROUD, BERNARD JOSEPH COPPOLINO,
and NANCY ELIZABETH BORUSHKO,

　　　　Defendants-Appellees.

UNPUBLISHED
February 27, 2018

No. 335811
Bay Circuit Court
LC No. 16-003165-CZ

Before: CAVANAGH, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM.

Plaintiff Patrick-Joseph Groulx, proceeding *in propria persona*, appeals by right the trial court's order granting summary disposition in favor of defendants, the Bay County Prosecutor's Office, the Bay County Prosecutor, and Assistant Prosecutors Bernard Joseph Coppolino, Jeffery D. Stroud, and Nancy Elizabeth Borushko. Plaintiff alleged that defendants violated his rights and maliciously prosecuted him for possession of marijuana despite the fact that he held a card under the Michigan Medical Marihuana Act, MCL 333.26421 *et seq*. The trial court dismissed plaintiff's complaint on the basis of prosecutorial immunity. Because the trial court did not err by granting summary disposition to defendants, we affirm.

## I. BACKGROUND

In September 2013, plaintiff was charged with possessing marijuana. A jury ultimately found plaintiff not guilty. In March 2016, plaintiff filed the present action, alleging "malicious accusation" and stating that the Bay County Prosecutor's Office violated several statutes and constitutional provisions when prosecuting him. Plaintiff later filed a "motion to defendants if the pleadings in response include governmental immunity" (capitalization omitted), which included allegations that he was maliciously prosecuted and that defendants illegally tampered with the marijuana evidence in his criminal case by removing unusable portions to determine the weight of the usable marijuana in his possession. See MCL 333.26423(n). Defendants moved for summary disposition, arguing in pertinent part that the Prosecutor's Office was not a legal entity capable of being sued and that the allegations against the County Prosecutor and the

-1-

assistant prosecutors failed on the basis of governmental immunity. The trial court concluded that plaintiff's claims were barred by governmental immunity and dismissed the case.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A defendant is entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claims are barred because of immunity granted by law. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). The party moving for summary disposition under MCR 2.116(C)(7) may support its motion with affidavits, depositions, admissions, or other documentary evidence that would be admissible at trial. *Id*. This Court considers the contents of the plaintiff's complaint to be true unless contradicted by the documentary evidence. *Id*.

## III. ANALYSIS

On appeal, plaintiff contends that the trial court erred by granting summary disposition to defendants. However, although the trial court granted summary disposition on governmental immunity grounds, plaintiff entirely fails to address governmental immunity in either his principal or supplemental brief on appeal. If a party fails to address the basis for the trial court's decision, this Court need not even consider granting relief. *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004). Accordingly, we need not review plaintiff's arguments regarding the trial court's decision to grant defendants' motion for summary disposition.[1] *Id.*

---

[1] Even if we reviewed the trial court's decision, we would conclude that the trial court did not err by granting summary disposition to defendants on governmental immunity grounds. Plaintiff's complaint involves claims of intentional torts. The Bay County Prosecutor is absolutely immune from these claims. MCL 691.1407(5); *Bischoff v Calhoun Co Prosecutor*, 173 Mich App 802, 810; 434 NW2d 249 (1988). The Bay County Prosecutor Office is not a legal entity against which a tort action may be directed, *Hughson v Co of Antrim*, 707 F Supp 304, 306 (WD Mich 1988); and, even if the Prosecutor's Office were a legal entity, it would be entitled to governmental immunity under MCL 691.1407(1). Finally, under the common law, assistant prosecutors are absolutely immune from intentional torts when, as in this case, they are engaged in the exercise of a quasi-judicial function. *Payton v Wayne Co*, 137 Mich App 361, 370-371; 357 NW2d 700 (1984); *Davis v Eddie*, 130 Mich App 284, 286; 343 NW2d 11 (1983). See also MCL 691.1407(3). We note that there is some question as to whether the common law absolute immunity available to lower-level prosecutors survived the changes made to the Governmental Tort Liability Act, MCL 691.1401 *et seq.* in 1986. See *Wendrow v Mich Dep't of Human Servs*, 534 Fed App'x 516, 534 n 2 (CA 6 2013). But, even under the standard generally applicable to low-ranking governmental employees, plaintiff's intentional tort claims would be barred by governmental immunity because plaintiff did not plead specific facts showing that the named assistant prosecutors took actions outside the scope of their employment, undertook their actions with malice, or that their actions were not discretionary. See *Odom*, 482 Mich at 480.

To the extent plaintiff argues that the trial court was disqualified from hearing this matter because of a conflict of interest, the issue is unpreserved because plaintiff failed to move for judicial disqualification in the trial court. MCR 2.003(D); *People v Jackson*, 292 Mich App 583, 597; 808 NW2d 541 (2011). We review unpreserved issues for plain error. *Duray Dev, LLC v Perrin*, 288 Mich App 143, 150; 792 NW2d 749 (2010). "Plain error occurs at the trial court level if (1) an error occurred (2) that was clear or obvious and (3) prejudiced the party, meaning it affected the outcome of the lower court proceedings." *Id*.

"Due process requires that an unbiased and impartial decision-maker hear and decide a case." *Mitchell v Mitchell*, 296 Mich App 513, 523; 823 NW2d 153 (2012). The party who alleges that a judge is biased must overcome the heavy presumption in favor of judicial impartiality. *Cain v Dep't of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996). In the absence of actual bias, "disqualification is warranted when there are circumstances of such a nature as to cause doubt as to the judge's partiality, bias or prejudice." *Ireland v Smith*, 214 Mich App 235, 250; 542 NW2d 344 (1995) (quotation marks, citation, and brackets omitted), aff'd 451 Mich 457 (1996). In other words, judicial disqualification is warranted, among other reasons, if the judge is actually biased or prejudiced, MCR 2.003(C)(1)(a), or if "[t]he judge, based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacting the due process rights of a party . . . or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct," MCR 2.003(C)(1)(b).

The record does not show that disqualification was warranted in this case. Plaintiff alleges loose connections between the judge and defendants—that they belong to the same professional organizations (i.e., that they are all members of the State Bar of Michigan), that they are members of the same political party, that they work in the same building, and that they are paid by the same county. Assuming these allegations to be true, none of these circumstances are indicative of actual bias, a serious risk of actual bias implicating due process rights, or an appearance of impropriety. MCR 2.003(C)(1)(a) and (b). Cf. *People v Aceval*, 486 Mich 887, 889-890; 781 NW2d 779 (2010). Because any alleged conflict of interest is remote and purely speculative, plaintiff has not overcome the heavy presumption of judicial impartiality.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering