GRAHOVAC v MUNISING TOWNSHIP

Docket No. 248352. Submitted May 18, 2004, at Marquette. Decided
September 21, 2004, at 9:05 A.M. Leave to appeal sought.

Lisa Grahovac, personal representative of the estate of Paul B.
Grahovac, deceased, brought a wrongful death action in the Alger
Circuit Court against Harold Anderson (the chief of the Munising
Township volunteer fire department), Munising Township, and
Richard Fromm after the plaintiff's decedent sustained fatal
injuries when struck by a fire truck whose brakes had failed.
Plaintiff claimed that Anderson, as fire chief, was ultimately
responsible for all maintenance on the truck and, therefore, for
the failure of the brakes. Anderson moved for summary disposi-
tion on the basis of absolute governmental immunity under MCL
691.1407(5), but the court, Charles H. Stark, J., denied that
relief, ruling that Anderson was not the highest elected or
highest appointed executive official of Munising Township and
therefore not entitled to immunity under § 1407(5). Anderson
appealed.

The Court of Appeals *held*:

There is no basis for concluding that the defendant fire chief
in this case is the highest elected or appointed executive in a level
of government as required by MCL 691.1407(5) for absolute
governmental immunity. To have that protection for a highest
elected or appointed executive in a level of government necessar-
ily requires a level of government to be found. A level of
government, as envisioned in the statute, would have the power
to levy taxes, to make decisions having a wide effect on members
of the community, the power of eminent domain, or broadly based
jurisdiction or extensive authority similar to that of a judge or
legislator. The immunity provided by the statute does not apply
to a township's volunteer fire department chief.

Affirmed.

GRIFFIN, J., dissenting, stated that there is no dispute that Fire
Chief Anderson is the highest appointive executive official of the
Munising Township Fire Department. Under the governmental
immunity act, MCL 691.1401 *et seq.*, a "governmental agency" is a
state or political subdivision. Because the township fire depart-

ment is a governmental department or agency, it should also be deemed a political subdivision or "level of government" for the purpose of absolute immunity under MCL 691.1407(5).

Because Anderson qualifies for absolute immunity under § 1407(5) as the highest appointive executive official of the fire department, § 1407(2), which provides for qualified immunity for volunteers, does not apply. Section 1407(5) does not require that the highest executive official not be a volunteer.

GOVERNMENTAL IMMUNITY — ABSOLUTE IMMUNITY — HIGHEST EXECUTIVE — LEVEL OF GOVERNMENT.

The highest elected or appointed executive of a level of government qualifies for absolute governmental immunity from tort liability; to be the highest executive of a level of government, one must have powers such as levying taxes, making decisions having wide effect on members of the community, eminent domain, or broadly based jurisdiction or extensive authority similar to that of a judge or legislator (MCL 691.1407[5]).

*Petrucelli & Petrucelli, P.C.* (by *Vincent R. Petrucelli* and *Jonny L. Waara*), for Lisa Grahovac.

*Smith Haughey Rice & Roegge* (by *Lance R. Mather*) for Munising Township and Harold Anderson.

*Vairo, Mechlin, Tomasi, Johnson & Manchester* (by *David R. Mechlin*) for Richard A. Fromm.

Before: WHITBECK, C.J., and GRIFFIN and BORRELLO, JJ.

BORRELLO, J. In this wrongful death action, defendant Harold Anderson,[1] the chief of the Munising Township volunteer fire department, appeals as of right the trial court's order denying his motion for summary disposition under MCR 2.116(C)(7). Because we agree with the

---

[1] Defendants Munising Township and Richard Allan Fromm are not parties to this appeal. Thus, "defendant" refers to Harold Anderson only.

trial court that a township fire chief[2] is not sheltered by the absolute immunity provisions of MCL 691.1407(5), we affirm.

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). "MCR 2.116(C)(7) tests whether a claim is barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties." *Wade v Dep't of Corrections*, 439 Mich 158, 162; 483 NW2d 26 (1992). This Court must consider all well-pleaded allegations as true and construe them in favor of the nonmoving party. *Id.* at 162-163. "If the facts are not in dispute and reasonable minds could not differ concerning the legal effect of those facts, whether a claim is barred by immunity is a question for the court to decide as a matter of law." *Poppen v Tovey*, 256 Mich App 351, 354; 664 NW2d 269 (2003).

On September 15, 2001, plaintiff's decedent, Paul Grahovac, a volunteer emergency medical technician for Alger County, responded to an accident at the intersection of M-28 and M-94 in Munising Township. While Grahovac was assisting an accident victim, a fire truck owned by Munising Township and operated by Richard Fromm struck Grahovac and killed him when the fire truck's brakes failed. Plaintiff, the personal representative of Grahovac's estate, filed suit against Munising Township, Richard Fromm, and Harold Anderson. With respect to defendant, plaintiff alleged that defendant was grossly negligent in failing to ensure that the fire truck was properly inspected and maintained. Defendant moved for summary disposition

---

[2] For purposes of this appeal we limit our discussion solely to the position of township fire chief.

pursuant to MCR 2.116(C)(7), alleging that he was entitled to absolute governmental immunity under MCL 691.1407(5).

MCL 691.1407(5) provides:

> A judge, legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority.

The trial court denied defendant's motion for summary disposition by concluding that as the chief of a volunteer fire department, defendant was not the highest elected or highest appointed executive official of Munising Township. The trial court determined that the highest executive officer of a *department within a township* was not absolutely immune under MCL 691.1407(5) because the township supervisor who hired the fire chief was actually the highest elected or highest appointed executive official in the level of government within which the fire department was organized—the township. Denying defendant's motion for summary disposition, the trial court ruled in part:

> Although the Court would find for purposes of appeal that, at least for the record at this point, that he is the highest executive officer of the—of the township volunteer fire department, that does not entitle him to the absolute immunity under paragraph 5 since he's not the highest executive appointive office—officer, such as the supervisor of that township. And on that basis the Court denies the motion for summary judgment.

Implicit in the trial court's reasoning was the concept that a fire department itself is not a "level of government," so the highest official of the department could not be absolutely immune under the relevant statute.

Thus, the primary question presented on appeal is one of first impression in our state: whether a volunteer fire chief, assuming that the chief is acting in the scope of his or her executive authority,[3] is the highest appointed executive official of "a level of government" under MCL 691.1407(5).

To determine whether defendant is entitled to absolute immunity, we must first decide whether a township fire department *is a level of government.* See *Nalepa v Plymouth-Canton Community School Dist,* 207 Mich App 580, 587; 525 NW2d 897 (1994), affirmed in result only 450 Mich 934 (1995). To answer that question, our decision in *Nalepa* suggests that we examine whether the entity shares aspects of governance with other political subdivisions, such as the power to levy taxes, the power to make decisions having a wide effect on members of the community, or the power of eminent domain. *Nalepa, supra* at 587. Other decisions addressing the term "level of government" employ the concept of "broad-based jurisdiction or extensive authority similar to that of a judge or legislator." *Chivas v Koehler,* 182 Mich App 467, 471; 453 NW2d 264 (1990). See also *Harrison v Dep't of Corrections,* 194 Mich App 446, 451; 487 NW2d 799 (1992).

---

[3] Plaintiff does not appear to have developed the initial allegation that defendant had the duty to maintain the fire truck at issue. Defendant denied having that duty in his answer to plaintiff's complaint, but later agreed he did have the duty. (Defendant cited MCL 109.4, which applies to fourth-class cities, but neither party has presented evidence that Munising Township is subject to the rules governing fourth-class cities, rather than those governing townships.) The trial court did not address that area of the analysis at all. As such, we limit our analysis only to whether the fire chief is the highest appointed official in a level of government. We note, however, that MCL 41.806, governing townships, obligates the township board of a township—not the fire chief—to "care and manage the motor vehicles, apparatus, equipment, property, and buildings pertaining to the police and fire departments . . . ." MCL 41.806(1).

Like the trial court, we can find no basis for concluding that defendant in this case is the highest elected or appointed executive *in a level of government.* The parties have presented no evidence that defendant has any powers of governance. Defendant lacks the power to levy taxes, the power to make decisions having a wide effect on members of the community, and the power of eminent domain, as well as broadly based jurisdiction or extensive authority similar to that of a judge or legislator. In fact, the Legislature specifically granted those powers to the township board or other government agencies. See MCL 41.801 (granting the power to levy taxes to the township board); MCL 213.111 *et seq.* (granting the power of eminent domain for public utilities to cities with populations over 25,000); MCL 213.151 *et seq.* and 213.171 *et seq.* (granting the power of eminent domain for highways to the state highway commissioner and county road commission); MCL 213.221 *et seq.* (granting the power of eminent domain for streets to a municipality); MCL 213.361 *et seq.* (granting the power of eminent domain for public purposes to cities, villages, townships, drainage districts, counties, boards of county road commissioners, and the state highway commission); MCL 41.805 and 41.806(1) (granting the power to make decisions that have a wide effect on the community to the township board); and MCL 41.181 (granting the power to legislate to the township board).

Plaintiff presented no proof—and we can find none —that a township fire department has legislative powers or shares any attributes of other political subdivisions. Rather, a township fire department is at the complete disposal of the township board and can neither exist nor act without the board's authorization. MCL 41.181. Thus, we conclude that defendant is not the highest appointed or elected official *in a level of government.*

Our conclusion comports with the purpose behind absolute immunity and recognizes the reason for granting some government officials absolute immunity while bestowing others with only qualified immunity:

> "It is assumed through the broad grant of immunity to certain public employees that these officials and, therefore, their governmental agencies, will not be intimidated nor timid in the discharge of their public duties. Although absolute immunity may be necessary for unfettered governmental decision-making, courts have been reluctant, understandably, to extend its protection beyond select public employees who are delegated policy-making powers.
>
> * * *
>
> "* * * The policy which only provides a limited immunity to lower level executive officials, unlike the justifications for absolute immunity, reflects a recognition that official immunity should not shield malicious or intentionally unlawful behavior when the actor is not engaged in broad, essential governmental decision-making. Holding these public servants liable does not hamper or intimidate them in the faithful discharge of their duties since they are responding to established administrative guidelines, regulations and informal policy. It is assumed, therefore, that an unreasonable burden does not fall on an administrative system when courts hold lower level executive employees liable for their acts performed in bad faith." [*Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 632-633; 363 NW2d 641 (1984), quoting Littlejohn & DeMars, *Governmental immunity after* Parker *and* Perry: *The king can do some wrong*, 1982 Det C L R 1, 25-27.]

Here, where the township board, rather than defendant, has been legislatively charged with broad, essential governmental decision-making, it is the township board, rather than defendant, that requires the broad protection of absolute immunity. We cannot conclude

that the Legislature intended to shelter lower-level employees having no delegated policy-making powers with such a broad grant of immunity. Rather, the qualified immunity set forth in MCL 691.1407(2) sufficiently protects those who are merely responding to— but not making—established administrative guidelines, regulations, and informal policy. In the present case, defendant has produced nothing from which we can conclude that he is engaged in the broad, essential governmental decision-making necessary to invoke the absolute immunity protections of MCL 691.1407(5).

Defendant points to *Stewart v White Lake Twp*, unpublished opinion per curiam of the Court of Appeals, issued June 9, 1998 (Docket No. 202660), in support of his argument that he is absolutely immune from tort liability. Although *Stewart* did conclude that the fire chief in that case was entitled to absolute immunity, unpublished opinions have no precedential value, and we are not bound by them. MCR 7.215(C)(1). Further, careful examination of the *Stewart* decision reveals no compelling justification for its result: the opinion merely cites other opinions that have held *different* executives absolutely immune and states that because the defendant fire chief was the "highest executive officer *of the fire department*," he was absolutely immune. *Stewart,* slip op at 5 (emphasis added). But the test is not whether someone is the highest executive of a department. To be absolutely immune, the person must be the highest appointed or elected executive *of a level of government.*

Defendant last asserts that because this Court has found certain police chiefs absolutely immune, citing *Payton v Detroit*, 211 Mich App 375; 536 NW2d 233 (1995), *Washington v Starke*, 173 Mich App 230; 433 NW2d 834 (1988), and *Meadows v Detroit*, 164 Mich

App 418; 418 NW2d 100 (1987), so must a fire chief be found similarly. We disagree. In each of the three cases, the executive official at issue was the city chief of police. Further, in *Meadows*, the parties submitted the city charter, which granted powers to the police chief above and beyond those granted by the Legislature. *Id.* at 427. As discussed, cities and townships are governed by different statutory schemes. Our decision today is premised solely on the legislative provisions governing townships, MCL 41.1a *et seq.*, and we are without the benefit of knowledge of any local law that might have otherwise borne on the result. From the record presented, we find no basis for concluding that the Munising Township volunteer fire department is a level of government.

Last, we note that plaintiff implores us to find that defendant is not absolutely immune because he is a volunteer fire chief and because of his part-time employment status. We find nothing in MCL 691.1407(5) to support that line of reasoning. The plain language of the statute does not limit absolute immunity to either paid or full-time positions. Although the qualified immunity provision of MCL 691.1407(2) encompasses volunteers, that provision applies only in the absence of other applicable statutory provisions. *Id.* Thus, we caution that our holding today that defendant is not absolutely immune from tort liability is premised not on his volunteer or part-time employment status but on the fact that he is not the highest elected or appointed executive official of a level of government. As such, we conclude that the trial court did not err by denying defendant's motion for summary disposition.

Affirmed. We do not retain jurisdiction.

WHITBECK, C.J., concurred.

GRIFFIN, J. (*dissenting*). The primary issue presented on appeal is whether a fire chief of a township[1] fire department is entitled to absolute governmental immunity, pursuant to MCL 691.1407(5). I would hold that defendant Harold Anderson, as the township fire chief, is afforded such immunity. Accordingly, I respectfully dissent, and I would reverse the denial of defendant's motion for summary disposition.

I

The overriding goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature as expressed in the statutory language. *Gladych v New Family Homes, Inc*, 468 Mich 594, 597; 664 NW2d 705 (2003). If the plain meaning of the language is clear, judicial construction is neither necessary nor permitted. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). "Similarly, courts may not speculate about an unstated purpose where the unambiguous text plainly reflects the intent of the Legislature." *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). "Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent." *Sun Valley Foods Co, supra* at 236.

MCL 691.1407(5) provides:

> A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority.

---

[1] On appeal, neither side contends that Munising Township is a charter township, and, accordingly, the assumption made by the lower court—that Munising Township is not a charter township—is not in dispute.

In the present case, there is no dispute that Fire Chief Anderson is the highest appointive executive official[2] of the Munising Township Fire Department. Accordingly, to determine whether defendant is entitled to absolute immunity, this Court must decide whether a township fire department is a level of government. Unfortunately, the governmental immunity act does not define the term "all levels of government." However, other terms used in the act are defined. See MCL 691.1401. Of significance to the instant appeal is the term "governmental agency," which is used throughout the act and is specifically defined as follows: " 'Governmental agency' means the state or a *political subdivision*." MCL 691.1401(d) (emphasis added). While the majority concludes that a township fire department does not share any attributes of a political subdivision, the governmental immunity act defines the term "political subdivision" as including a "department" (MCL 691.1401[b])[3] of a "township" (MCL 691.1401[a]).[4] Thus, because a township fire department is a political subdivision under the governmental immunity act, it should also be deemed a "level of government."

Previously, this Court held that absolute executive immunity applies to a county prosecutor, *Bischoff v*

---

[2] In obiter dictum, the majority misconstrues the statute as applying to "the *highest* elected or highest appointed executive official." Under the terms of the statute, an elected executive official of a level of government need not be the "highest" elected official to be afforded immunity.

[3] " 'Political subdivision' means a *municipal corporation*, county, county road commission, school district, community college district, port district, metropolitan district, or transportation authority or a combination of 2 or more of these when acting jointly; a district or authority authorized by law or formed by 1 or more political subdivisions; or an agency, *department*, court, board, or council of a political subdivision." (Emphasis added.)

[4] " 'Municipal corporation' means a city, village, or *township* or a combination of 2 or more of these when acting jointly." (Emphasis added.)

*Calhoun Co Prosecutor,* 173 Mich App 802, 806; 434
NW2d 249 (1988), a school superintendent and school
board members, *Nalepa v Plymouth-Canton Commu-
nity School Dist,* 207 Mich App 580, 587; 525 NW2d 897
(1994), result aff'd 450 Mich 934 (1995), the director of
the Department of Corrections, *Harrison v Dep't of
Corrections,* 194 Mich App 446, 452; 487 NW2d 799
(1992), *Chivas v Koehler,* 182 Mich App 467, 471; 453
NW2d 264 (1990), and a police chief, *Payton v Detroit,*
211 Mich App 375, 394; 536 NW2d 233 (1995), *Wash-
ington v Starke,* 173 Mich App 230, 240-241; 433 NW2d
834 (1988), and *Meadows v Detroit,* 164 Mich App 418,
426-427; 418 NW2d 100 (1987).

Black's Law Dictionary (8th ed, 2004) defines "gov-
ernment" as, "An organization through which a body of
people exercises political authority; the machinery by
which sovereign power is expressed . . . . In this sense,
the term refers collectively to the political organs of a
country regardless of their function or level, and re-
gardless of the subject matter they deal with." Black's
further defines "local government" as "The govern-
ment of a particular locality, such as a city or county; a
governing body at a lower level than the state govern-
ment. The term includes a school district, *fire district,*
transportation authority, and any other special-purpose
district or authority." (Emphasis added.)

As defendant notes, a fire chief is analogous to a
police chief in that they both have supervisory power
over a department of government. The trial court
determined that a department of government, such as a
fire department, is not a "level of government." How-
ever, this is not supported by our prior case law, which
has determined that the Department of Corrections and
police departments are levels of government. *Harrison,
supra, Payton, supra, Washington, supra,* and *Meadows,*

*supra.* Nothing in the statutory language limits the term "all levels of government" to a state, county, or township, as the trial court concluded. If the Legislature had intended such a limitation, it would have employed restricted terminology, rather than the broad term "all levels of government." In my view, because a township fire department is a political subdivision, it is also a level of government.

Additionally, I note that the Legislature has authorized a township that is not a charter township to establish and maintain a fire department and to employ and appoint a fire chief to operate and maintain the department:

> The township board of a township, or the township boards of adjoining townships acting jointly, if appropriations have been made as provided in this act, *may establish and maintain* police and *fire departments*; organize and maintain police and fire vehicles; *employ and appoint* on behalf of an individual township a police chief and *fire chief* and other police and fire officers, including detectives, required for the proper and efficient operation and maintenance of the police and fire departments and proper law enforcement; *make and establish rules and regulations for the government of the* police and *fire departments*, employees, officers, and detectives; care and manage the motor vehicles, apparatus, equipment, property, and buildings pertaining to the police and fire departments; and prescribe the powers and duties of the employees, officers, and detectives. [MCL 41.806(1) (emphasis added).]

For the reasons expressed above, and in view of the Legislature's authorization for a township that is not a charter township to *create* a fire department and to *appoint* a fire chief as the highest executive of the department, I would hold that, on the basis of plain meaning of the governmental immunity statute, MCL 691.1407(5), and our prior case law, a township fire

department is a level of government. Because defendant Anderson is the highest appointive executive official of a level of government, he is entitled to absolute governmental immunity pursuant to MCL 691.1407(5).

II

In the lower court, and on appeal, plaintiff also argued that defendant Anderson is not the highest executive appointive official of a level of government because Anderson is a part-time, volunteer fire chief.[5] Plaintiff argues that the Legislature provided for qualified immunity for volunteers such as defendant under MCL 691.1407(2), and, therefore, he does not qualify as a highest executive official under MCL 691.1407(5). MCL 691.1407(2) provides:

> Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:
>
> (a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

---

[5] The circuit judge did not rule on plaintiff's argument that volunteers are not entitled to absolute immunity, pursuant to MCL 691.1407(5). Nevertheless, because the issue was raised below and can be decided as a matter of law, I consider it as an alternative basis for affirmance. *Cox v Flint Bd of Hosp Managers*, 462 Mich 859 (2000); *Village of Hickory Pointe Homeowners Ass'n v Smyk*, 262 Mich App 512; 686 NW2d 506 (2004).

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage. As used in this subdivision, "gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

Plaintiff asserts that because subsection 2 mentions volunteers, defendant falls under that subsection, rather than subsection 5. However, plaintiff fails to acknowledge the first phrase in subsection 2, "[e]xcept as otherwise provided in this section." Because defendant qualifies as the highest appointive executive official under MCL 691.1407(5), subsection 2 does not apply. Plaintiff requests this Court to read into subsection 5 a requirement that the highest executive official not be a volunteer. However, there is no language in MCL 691.1407(5) supporting such a requirement, and there is no ambiguity that would allow us to depart from the plain wording of the statute. *Sun Valley Foods Co, supra.*

I would reverse.