711 N.W.2d 462 (2005)
Rhonda DAVIS, Individually and as Personal Representative of the Estates of Rayshonda Nicole Pugh, Deceased, and Raymonda Nichelle Pugh, Deceased, Plaintiff-Appellee,
v.
CITY OF DETROIT, Victor Mercado, Board of Water Commissioners for the City of Detroit, and Tyrone Scott, Defendants-Appellants, and
Unidentified John Does, Firefighters, Defendant.
Docket No. 254368.
Court of Appeals of Michigan.
Submitted September 8, 2005, at Detroit.
Decided November 29, 2005.
Released for Publication March 31, 2006.
*464 Albert B. Addis, P.C. (by Albert B. Addis, Derek J. Brackon, and Lauren M. Donofrio), Mt. Clemens, for Rhonda Davis.
Ruth C. Carter, Corporation Counsel, and Sheri L. Whyte, Assistant Corporation Counsel, Detroit, for the city of Detroit, Victor Mercado, the Detroit Board of Water Commissioners, and Tyrone Scott.
Before: HOEKSTRA, P.J., and GAGE and WILDER, JJ.
PER CURIAM.
Defendants appeal an order denying summary disposition on the grounds of governmental immunity. The case arose out of a fire at plaintiff's residence that injured her and killed her children. Allegedly, the first two fire hydrants the fire department attempted to use did not work and a third hydrant could not provide enough water. Plaintiff alleges that defendants-appellants are liable for failing to maintain the hydrants, for failing to train the firefighters, and for gross negligence in the execution of their duties. Defendants argued that they were absolutely protected by governmental immunity, but the trial court denied summary disposition, finding a question of fact regarding gross negligence. We reverse and remand.
A grant or denial of summary disposition pursuant to MCR 2.116(C)(7) is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. Maiden v. Rozwood, 461 Mich. 109, 118, 597 N.W.2d 817 (1999). Under MCR 2.116(C)(7), the trial court must accept as true the contents of the complaint, unless they are contradicted by documentary evidence submitted by the moving party. Id. at 119, 597 N.W.2d 817. Any documentary evidence so submitted must be considered. Glancy v. Roseville, 457 Mich. 580, 583, 577 N.W.2d 897 (1998). However, under MCR 2.116(C)(8), which tests the legal sufficiency of the pleadings, only the pleadings may be considered, and "[a]ll well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." Maiden, supra at 119, 597 N.W.2d 817; MCR 2.116(G)(5). "The applicability of governmental immunity is a question of law that is reviewed de novo on appeal." Herman v. Detroit, 261 Mich.App. 141, 143, 680 N.W.2d 71 (2004).
Under MCL 691.1407(1), in general, "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." A "governmental agency" can be a "political subdivision," which may be a "municipal corporation." MCL 691.1401(b), (d). There is no dispute that the city is a municipal corporation. The complaint alleges that the suit "is based on a failure to maintain fire hydrants," i.e., a governmental *465 function. See Citizens Ins. Co. v. Bloomfield Twp., 209 Mich.App. 484, 487, 532 N.W.2d 183 (1994). The city is therefore immune from tort liability unless an exception applies.
Defendants contend that plaintiff erroneously argues that the city was engaged in a proprietary function because it commercially sells water to other cities pursuant to MCL 123.141. We agree. Under MCL 691.1413, governmental immunity does not extend to activities "conducted primarily for the purpose of producing a pecuniary profit for the governmental agency, excluding, however, any activity normally supported by taxes or fees." The first part of this test  whether the activity was intended to generate profit  requires consideration of whether there actually is profit and of how any revenue generated is spent. Coleman v. Kootsillas, 456 Mich. 615, 621-622, 575 N.W.2d 527 (1998). However, MCL 123.141(2) requires the price of any water sold to be based on, and forbids the price to exceed, "the actual cost of service as determined under the utility basis of rate-making." Furthermore, the Detroit city charter forbids the city from profiting from the sale of water and requires that all revenues therefrom be used only to fund the activity itself. Detroit Charter § 7-1503. Therefore, operation of the water department is not a proprietary activity.[1] See Coleman, supra at 621-624, 575 N.W.2d 527.
Plaintiff argues that summary disposition would be inappropriate because discovery has not been completed. Although a motion for summary disposition is generally premature if granted before completing discovery regarding a disputed issue, "[i]f a party opposes a motion for summary disposition on the ground that discovery is incomplete, the party must at least assert that a dispute does indeed exist and support that allegation by some independent evidence." Bellows v. Delaware McDonald's Corp., 206 Mich.App. 555, 561, 522 N.W.2d 707 (1994). Mere conjecture does not entitle a party to discovery, because such discovery would be no more than a fishing expedition. Pauley v. Hall, 124 Mich.App. 255, 263, 335 N.W.2d 197 (1983). Here, plaintiff merely states that, without discovery, "it cannot be proven that there is no possible factual development that could provide a basis for recovery." Plaintiff provides no further indication of what that basis might be, thus failing to satisfy even the minimal independent evidentiary support required by Bellows, supra at 561, 522 N.W.2d 707. Thus, in the absence of any other allegation in avoidance of governmental immunity, the city is absolutely immune to suit.
Defendants argue that Mercado and Scott are absolutely immune because each is the highest executive official of a level of government under MCL 691.1407(5). In Grahovac v. Munising Twp., 263 Mich.App. 589, 592-597, 689 N.W.2d 498 (2004), we concluded that the chief of the Munising Township volunteer fire department was "not the highest appointed or elected official in a level of government," id. at 594, 689 N.W.2d 498, because, under "the legislative provisions governing townships," id. at 597, 689 N.W.2d 498, the "township fire department is at the complete disposal of the township board and can neither exist nor act without the board's authorization," id. at 594, 689 *466 N.W.2d 498 (emphasis in original). As such, we concluded that it was the township board, not the fire department, that was "a level of government" entitled to absolute immunity. However, Grahovac was explicitly "premised solely on the legislative provisions governing townships, MCL 41.1a et seq." Grahovac, supra at 597, 689 N.W.2d 498. Indeed, the Grahovac Court specifically noted that Grahovac was significantly distinguishable from other cases in which parties had submitted city charters showing powers granted to departments "beyond those granted by the Legislature." Id. We find Grahovac significantly distinguishable from the present case, in which the Detroit city charter and the Detroit city code grant the fire commissioner and the board of water commissioners autonomous authority that was not alleged in Grahovac. See Detroit Charter §§ 7-801, 7-802, 7-804, 7-806, 7-1501, and 7-1502. Thus, Detroit's fire department and water and sewerage department are "levels of government," and plaintiff does not dispute that Mercado and Scott are the highest appointed officials thereof. Accordingly, they are absolutely immune from tort liability under MCL 691.1407(5).
Defendants finally argue that the Board of Water Commissioners is not an independent entity amenable to suit. We find it unnecessary to decide the issue. Presuming the board is a separate entity as plaintiff argues, it falls within the definition of a "political subdivision" under MCL 691.1401(b). Therefore, for the reasons discussed above, it would be immune from tort liability on the same basis as the city. Furthermore, also as discussed, the board or department may only collect money for the provision of services and at the cost of providing those services. The board is therefore not amenable to suit because "it has no legal means of raising funds for payment." O'Leary v. Bd. of Fire & Water Comm'rs of Marquette, 79 Mich. 281, 286, 44 N.W. 608 (1890).
We finally note that plaintiff named "several unidentified firefighters, hereinafter identified as John Does, in their individual and official capacities" as defendants. They were not parties to the motion for summary disposition or to the present appeal, so we do not now address the claims against them or any defenses they might have. We only hold that summary disposition based on governmental immunity should have been granted in favor of defendants Detroit, Mercado, Scott, and the Board of Water Commissioners.
Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] Plaintiff's reliance on her allegation in her complaint that the city was engaged in a proprietary activity is unwarranted because only factual allegations, not legal conclusions, are to be taken as true under MCR 2.116(C)(7) and (8). Maiden, supra at 119-120, 597 N.W.2d 817.