# STATE OF MICHIGAN

# COURT OF APPEALS

ANDREW J. PERUN, JR.,

       Plaintiff-Appellant,

v

TROTT & TROTT, P.C., and CITIMORTGAGE, INC.,

       Defendants-Appellees.

UNPUBLISHED
October 21, 2014

No. 315191
Macomb Circuit Court
LC No. 2012-004203-CK

Before: STEPHENS, P.J., and TALBOT and BECKERING, JJ.

PER CURIAM.

In this action to prevent a mortgage foreclosure, plaintiff, Andrew J. Perun, Jr., appeals as of right from the trial court's opinion and order granting summary disposition in favor of defendants, Trott & Trott, P.C. ("Trott") and CitiMortgage, Inc. ("CMI"). We affirm.

In 1998, Perun executed a mortgage and note with Standard Federal Bank, which subsequently assigned the mortgage to CMI in 2008. In 2009, Perun submitted a home affordable modification trial period plan (TPP) to CMI. This document, signed by Perun, contained a statement indicating that he was unable to afford his mortgage payments and was either in default or would soon be in default. Along with the TPP, Perun submitted a hardship affidavit identifying a loss in income, deaths in the family, and health issues as reasons for his request. According to CMI, Perun did not comply with the TPP, so it referred the matter to Trott for foreclosure proceedings.

In April and May 2012, Trott sent correspondence to Perun advising that the mortgage was in default and that an agreement could be reached to modify the loan. However, Perun was required to submit specified documents by June 18, 2012, to obtain a meeting with the lender. In response, Perun sent correspondence in June and August 2012, objecting to the documentation deadline and Trott's failure to provide him with necessary tax forms.

On September 14, 2012, Perun filed a complaint against Trott seeking a preliminary injunction to stop the scheduled sheriff's sale of his residence. He also sought permission to file an amended complaint on the grounds that a preliminary injunction "will not resolve this case on the merits." Following a show cause hearing, the trial court denied the request for injunctive relief, but granted Perun's request to file a first amended complaint. On September 24, 2012, Perun filed a first amended complaint and added CMI to the litigation. The only claim Perun

made against CMI was for breach of contract, alleging that CMI breached the note and/or mortgage by unilaterally raising the amount of his monthly mortgage payments. Concerning Trott, the amended complaint alleged that the parties had agreed to participate in a loan modification, but that Trott had failed to provide the necessary forms. Perun further alleged that Trott represented itself as an expert in loan modification and acted in a fiduciary relationship of trust to him, and that he relied on Trott's misrepresentations. Perun raised claims of fraud and innocent misrepresentation against Trott. The first amended complaint further alleged that Trott committed libel by publishing notice of the foreclosure sale. Perun also alleged that Trott's actions intentionally interfered with the contractual relationship and/or business expectancy he had with CMI, and he demanded specific enforcement of the loan modification meeting.

Trott filed its answer to Perun's first amended complaint on October 4, 2012, and CMI filed its answer on October 16, 2012. On October 29, 2012, Perun, without seeking leave of the court, filed a second amended complaint[1] in which he alleged that CMI had an agency relationship with Trott. Trott initially filed an answer to the second amended complaint, but nine days later filed a motion to strike the second amended complaint on the grounds that it was too late to amend a pleading as a matter of course under MCR 2.118(A). Trott also filed a motion for summary disposition of Perun's complaint pursuant to MCR 2.116(C)(8) and (10).

CMI did not file an answer to the second amended complaint, but on November 26, 2012, it filed a motion for summary disposition in which it addressed, among other matters, the issues raised in Perun's second amended complaint. On November 30, 2012, Perun sought, and the clerk entered, a default against CMI for failing to answer the second amended complaint. According to Perun, CMI failed to timely answer the second amended complaint. On December 9, 2012, CMI filed what it termed a "response to the application for default" and asserted that its motion for summary disposition was not untimely; thus, a default was improper.

On January 16, 2013, the trial court issued a written opinion and order striking the second amended complaint because it was filed without leave of the court, granting CMI's request to set aside the default because the default had been premised on CMI's failure to answer the second amended complaint, which had been stricken, and granting both defendants' motions for summary disposition. The trial court later denied Perun's motion for reconsideration of the summary disposition ruling and request to file a third amended complaint.

## I. SECOND AMENDED COMPLAINT

Perun first argues that the trial court erred by striking his second amended complaint because the plain language of MCR 2.118(A)(1) permitted him to amend the pleading once as a matter of course after receiving CMI's answer to the first amended complaint. We disagree. We review for an abuse of discretion the trial court's decision to strike a pleading. *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 469; 666 NW2d 271 (2003). The interpretation of a court rule presents an issue of law that we review de novo. *Acorn Inv Co v Mich Basic Prop Ins Ass'n*,

---

[1] Perun admits that he improperly labeled his second amended complaint as a "First Amended Complaint as of Right."

495 Mich 338, 348; ___ NW2d ___ (2014); *Muci v State Farm Mut Auto Ins Co*, 478 Mich 178, 187; 732 NW2d 88 (2007). "A court by definition abuses its discretion when it makes an error of law." *Kidder v Ptacin*, 284 Mich App 166, 170; 771 NW2d 806 (2009) (citation and quotation marks omitted).

When construing a court rule, a court applies the legal principles governing the interpretation and application of statutes. *In re KH*, 469 Mich 621, 628; 677 NW2d 800 (2004). The judiciary's objective when interpreting a statute is to discern and give effect to the intent of the Legislature. *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013). The most reliable evidence of the Legislature's intent is the language of the statute itself. *Id*. "When construing statutory language, [the court] must read the statute as a whole and in its grammatical context, giving each and every word its plain and ordinary meaning unless otherwise defined." *In re Receivership of 11910 South Francis Rd*, 492 Mich 208, 222; 821 NW2d 503 (2012). Effect must be given to every word, phrase, and clause in a statute, and the court must avoid a construction that would render part of the statute surplusage or nugatory. *Johnson v Recca*, 492 Mich 169, 177; 821 NW2d 520 (2012). "If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Whitman*, 493 Mich at 311.

MCR 2.118 provides, in pertinent part:

(A) Amendments.

(1) A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading.

(2) Except as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires.

***

(B) Response to Amendments. Within the time prescribed by MCR 2.108, a party served with an amendment to a pleading requiring a response under MCR 2.110(B) must

(1) serve and file a pleading in response to the amended pleading, or

(2) serve and file a notice that the party's pleading filed in response to the opposing party's earlier pleading will stand as the response to the amended pleading.

As noted above, Perun filed his complaint on September 14, 2012. With leave of the court, he filed a first amended complaint on September 24, 2012. After receiving Trott's and CMI's responses as required by MCR 2.118(B), and without seeking leave of court, Perun filed yet another amendment to his complaint on October 29, 2012, which constituted the second

-3-

amendment to and third version of his pleading. Perun contends that the plain language of MCR 2.118(A)(1) entitled him to amend his pleading again because he was doing so as a matter of course within 14 days after being served with a responsive pleading. But to interpret MCR 2.118(A)(1) as Perun proposes would allow a party to amend a pleading not once, as a matter of course, but in perpetuity, because the filing of a response to an amended pleading as required by MCR 2.118(B) would trigger the applicability of MCR 2.118(A)(1), creating an endless cycle of unfettered amendment opportunities. This interpretation defies the plain meaning of the court rule, which permits amending a pleading *once* as a matter of course. MCR 2.118(A)(1). When Perun filed his first amended complaint, it constituted an amendment to his pleading, regardless of whether it was accomplished by leave or as a matter of course. Thus, MCR 2.118(A)(1) was no longer available to him in seeking to file additional amendments. Subsequent amendments could only be filed by leave of the court or with the written consent of the adverse parties in accordance with MCR 2.118(A)(2). Because Perun neither obtained leave of court nor the written consent of the adverse parties when filing the second amended complaint, the trial court did not abuse its discretion when it struck his second amended complaint. *Belle Isle Grill Corp*, 256 Mich App at 469.

## II. MOTION TO STRIKE

Next, Perun argues that the trial court erred by even considering Trott's motion to strike the second amended complaint. He contends that the motion was not timely filed and that Trott did not raise the defense in its answer filed on November 20, 2012; thus, he claims that Trott waived its claim, pursuant to MCR 2.111(F)(2). We again disagree. "This Court reviews a trial court's decision regarding a motion to strike a pleading pursuant to MCR 2.115 for an abuse of discretion." *Belle Isle Grill Corp*, 256 Mich App at 469. The interpretation of a court rule presents an issue of law that is reviewed de novo. *Acorn Inv Co*, 495 Mich at 348; *Muci*, 478 Mich at 187.

On November 20, 2012, Trott filed an answer to the second amended complaint without objecting to the propriety of the document's filing. On November 29, 2012, Trott filed a motion to strike the second amended complaint, contending that Perun was required to seek leave to file the amendment. Perun first argues that the trial court erred in considering Trott's motion to strike because the claim was not timely raised within 21 days after the second amended complaint was filed pursuant to MCR 2.108(B). This Court rejected Perun's position in *Belle Isle Grill Corp*, 256 Mich App at 470-471, by holding that the time limit of MCR 2.108(B) does not apply to motions to strike. Instead, this Court held that "a motion to strike should be allowed at any reasonable time." *Id*. at 471. Trott's answer was filed on November 20, 2012, and the motion to strike was filed only nine days later, on November 29, 2012. The motion to strike was filed within a reasonable time.

Next, Perun argues that the motion to strike should have been denied because of a failure to comply with MCR 2.111(F)(2). That rule requires that "defenses" against a claim must be asserted in a responsive pleading, and that any defense "not asserted in the responsive pleading or by motion as provided by these rules is waived, except for the defenses of lack of jurisdiction over the subject matter of the action, and failure to state a claim on which relief can be granted." MCR 2.111(F)(2). We reject Perun's argument because CMI's motion to strike the second amended complaint was not a defense to the claim; it was an attack on a pleading not drawn in

-4-

conformity with the court rules. See MCR 2.115(B). Pursuant to *Belle Isle Grill Corp*, 256 Mich App at 471, such a motion "should be allowed at any reasonable time." As such, CMI did not need to assert the issue in its responsive pleading in order to be preserved.

## III. DEFAULT

Next, Perun argues that the trial court erred by setting aside the default against CMI, which was entered because CMI failed to timely file a response to the second amended complaint. Perun also contends that the trial court should not have found that CMI filed a motion to set aside the default. "Review of a trial court's decision on a motion to set aside a default or a default judgment is for a clear abuse of discretion." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*.

An issue "is moot when it presents only abstract questions of law that do not rest upon existing facts or rights." *Ryan v Ryan*, 260 Mich App 315, 330; 677 NW2d 899 (2004) (citation and quotation omitted). "Generally, this Court need not reach moot issues or declare legal principles that have no practical effect on the case unless the issue is one of public significance that is likely to recur, yet evade judicial review." *Id*. (citation and quotation omitted). Here, because we conclude that the trial court did not abuse its discretion in striking the second amended complaint, any claim of error relating to a default entered in connection with the second amended complaint is moot as the issue no longer rests upon existing facts or rights. *Id*.

## IV. SUMMARY DISPOSITION AS TO CMI

Next, Perun contends that the trial court erred when it granted summary disposition to CMI. The only claim Perun raised against CMI in the first amended complaint was breach of contract for unilaterally raising Perun's monthly mortgage payment in violation of the terms of the note and mortgage. CMI moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). The trial court granted summary disposition because Perun "fail[ed] to identify any specific provision of either [the note or mortgage] which was breached. Accordingly, [Perun] has failed to properly plead his breach of contract claim and CMI is entitled to summary disposition."

We review a trial court's decision to grant or deny summary disposition de novo. *Ter Beek v City of Wyoming*, 495 Mich 1, 8; 846 NW2d 531 (2014). Summary disposition is proper under MCR 2.116(C)(8) when the opposing party fails "to state a claim on which relief can be granted." "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the allegations of the pleadings alone." *Hanlin v Saugatuck Twp*, 299 Mich App 233, 239; 829 NW2d 335 (2013). Conversely, summary disposition is proper pursuant to MCR 2.116(C)(10) when "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." A motion premised on MCR 2.116(C)(10) tests the factual support of the complaint. *Hanlin*, 299 Mich App at 239. "The moving party has the initial burden to support its claim for summary disposition by affidavits, depositions, admissions, or other documentary evidence." *McCoig Materials, LLC v Galui Constr, Inc*, 295 Mich App 684, 693; 818 NW2d 410 (2012). Once this burden is satisfied, the nonmoving party must demonstrate that a genuine issue of disputed fact exists for trial. *Id*. Affidavits, depositions, and documentary

evidence submitted in support of, or opposition to, the motion are considered only to the extent that the content or substance would be admissible as evidence. *Maiden v Rozwood*, 461 Mich 109, 120-121; 597 NW2d 817 (1999). Mere conclusory allegations that are devoid of factual detail are insufficient to create a genuine issue of material fact. *Quinto v Cross & Peters Co*, 451 Mich 358, 371-372; 547 NW2d 314 (1996).

The trial court did not err by granting summary disposition to CMI on Perun's breach of contract claim. Perun asserted that CMI breached the mortgage by increasing his monthly mortgage payment without authorization under the terms of the note and mortgage. CMI presented evidence, which Perun did not refute, that he was in default on his mortgage payments. CMI also presented the mortgage and note, which contain provisions for acceleration of the debt, charges for late payments, and other remedies, in the event of Perun's default. Thus, CMI satisfied its burden of producing documentary evidence in support of its assertion that it did not breach the terms of the note by adding additional charges after default, and Perun did not refute that evidence. Although we employ different reasoning than the trial court, we find that summary disposition was appropriate. See *McCoig Materials, LLC*, 295 Mich App at 693. See also *Lavey v Mills*, 248 Mich App 244, 250; 639 NW2d 261 (2001) (citation and quotation omitted; alteration in original) ("[w]hen this Court concludes that a trial court has reached the correct result, this Court will affirm even if it does so under alternative reasoning.").

## V. SUMMARY DISPOSITION AS TO TROTT

Perun next argues that the trial court erred in granting Trott's motion for summary disposition. Because the trial court considered evidence beyond the pleadings, we review the motion as having been granted summary disposition pursuant to MCR 2.116(C)(10). *Hughes v Region VII Area Agency on Aging*, 277 Mich App 268, 273; 744 NW2d 10 (2007).

Perun argues that the trial court's opinion and order granting summary disposition impermissibly made credibility determinations. He correctly recognizes that, when deciding a motion for summary disposition, the trial court is not to make credibility determinations. See *Lysogorski v Bridgeport Twp*, 256 Mich App 297, 299; 662 NW2d 108 (2003) (citation and quotation omitted) (explaining that in deciding a motion for summary disposition under MCR 2.116(C)(10), "a court may not weigh the evidence before it or make findings of fact[.]"). Here, the record reveals that the trial court made findings of fact and credibility determinations on some of Perun's claims. However, Perun fails to explain how he otherwise satisfied his burden of establishing a genuine issue of material fact with respect to each of his claims. In addition, our review of the record reveals that Trott was entitled to summary disposition on all of Perun's claims. Therefore, as discussed below, we affirm the trial court's grant of summary disposition on alternate grounds. See *Lavey*, 248 Mich App at 250.

### A. FRAUD AND INNOCENT MISREPRESENTATION

Perun alleged fraudulent misrepresentation against Trott, and, in the alternative, innocent misrepresentation. Turning first to his fraud claim, Perun was required to establish:

(1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was

false, or made it recklessly, without knowledge of its truth and as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage. [*Belle Isle Grill Corp*, 256 Mich App at 477 (citation and quotation omitted).]

Fraud must be pleaded with particularity. MCR 2.112(B)(1); *State ex rel Gurganus v CVS Caremark Corp*, 496 Mich 45, 63; __ NW2d __ (2014). General allegations and "conclusory statements that are unsupported by allegations of fact on which they may be based will not suffice to state a cause of action." *Id.* See also *LaMothe v Auto Club Ins Ass'n*, 214 Mich App 557, 586; 543 NW2d 42 (1995).

The trial court did not err by granting summary disposition to Trott because Perun failed to plead its allegations of fraud with particularity. The first amended complaint contains only general allegations of fraud in relation to the delivery of certain tax forms, but contains no allegations as to when the alleged representations were made, who from Trott made the alleged representations, and, in general, were simply conclusory statements that Trott committed fraud. As such, Perun's allegations of fraud were not pleaded with particularity, and summary disposition was appropriate. *Gurganus*, slip op at 19-20; *LaMothe*, 214 Mich App at 586.

Summary disposition was also appropriate with regard to Perun's innocent misrepresentation claim. "A claim of innocent misrepresentation is shown if a party detrimentally relies upon a false representation in such a manner that the injury suffered by that party inures to the benefit of the party who made the representation." *Unibar Maintenance Servs, Inc v Saigh*, 283 Mich App 609, 621; 769 NW2d 911 (2009) (citation and quotation omitted). A plaintiff need not show that the defendant acted with fraudulent intent, but the plaintiff "must show that privity of contract existed between the plaintiff and the defendant." *Id.* Here, Perun's first amended complaint did not allege privity of contract between himself and Trott. Thus, his claim fails, and summary disposition was appropriate pursuant to MCR 2.116(C)(8).

## B. LIBEL

Perun alleged that Trott committed libel by publishing notice of the foreclosure sale and his default, and that the publication reflected that he was a "deadbeat" who was unable to pay his bills. Perun's libel claim required him to plead and prove:

1) a false and defamatory statement concerning the plaintiff, 2) an unprivileged communication to a third party, 3) fault amounting to at least negligence on the part of the publisher, and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by publication. [*Collins v Detroit Free Press, Inc*, 245 Mich App 27, 32; 627 NW2d 5 (2001).]

The trial court did not err by granting summary disposition on Perun's libel claim. The record reveals documentary evidence noting a schedule of payments Perun failed to pay. In addition, the record reveals that he submitted a hardship affidavit in his attempt to obtain a loan modification and admitted therein that he was unable to afford his payments and that he was

either in default or that he would soon be in default. Perun did not refute this documentary evidence. Indeed, his affidavit did not even deny that he was in default, but stated that the default was "a direct result of the service's [sic] errors misrepresentations and other deficiencies . . . ." Further, even to the extent that the statement in Perun's affidavit noted above could constitute a denial that he was in default, "summary disposition cannot be avoided by a party's conclusory assertions in an affidavit that conflict with the actual historical conduct of the party." *Bergen v Baker*, 264 Mich App 376, 389; 691 NW2d 770 (2004). A party may not contradict previously submitted evidence in an affidavit in an attempt to defeat a motion for summary disposition. *Casey v Auto-Owners Ins Co*, 273 Mich App 388, 396; 729 NW2d 277 (2006). Perun's conclusory affidavit that he was not responsible for his default could not be used to contradict a previous affidavit submitted in connection with his application for a loan modification.

## C. TORTIOUS INTERFERENCE

Perun alleged that Trott tortiously interfered with his contract and/or business expectancy with CMI, claiming that Trott's conduct and misrepresentations prevented him from obtaining a loan modification meeting with CMI. "One who alleges tortious interference with a contractual or business relationship must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another." *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 382; 689 NW2d 145 (2004) (citation and quotation omitted).

The documentary evidence presented in this case shows that Trott attempted to work with Perun in obtaining a loan modification. In response, Perun's affidavit contains only generic allegations of misrepresentations and misconduct by Trott, without specifying the foundation for the claims. Perun's unspecified, conclusory allegations were insufficient to create a genuine issue of material fact. *SSC Assoc Ltd Partnership v Gen Retirement Sys*, 192 Mich App 360, 364; 480 NW2d 275 (1991) (explaining that conclusory allegations do not create a genuine issue of material fact). Further, Perun's conclusory allegations fail to state how Trott interfered with any relationship he had with CMI. On this record, Trott was entitled to summary disposition pursuant to MCR 2.116(C)(10).

## D. SPECIFIC PERFORMANCE

Perun alleged that he was entitled to specific performance of the loan modification meeting. An action for specific performance may not be maintained when there is no obligation on the opposing party to perform. *Bauer v Hobbs*, 151 Mich App 769, 776; 391 NW2d 482 (1986). In the present case, the evidence produced does not demonstrate the existence of any agreement with Trott that could be specifically performed. Consequently, we affirm the trial court's grant of summary disposition, as there was no genuine issue of material fact and Trott was entitled to judgment as a matter of law on this claim.

## VI. DISCOVERY

Perun argues that the trial court erred by granting summary disposition before the close of discovery. We disagree. "Generally, summary disposition under MCR 2.116(C)(10) is

premature if it is granted before discovery on a disputed issue is complete." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009). However, an open period of discovery does not automatically render the trial court's decision to grant summary disposition inappropriate or untimely. *Id*. The appropriate inquiry is whether there is a fair likelihood that further discovery will uncover support for the nonmoving party's position. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 33-34; 772 NW2d 801 (2009). The party alleging that summary disposition is premature bears the burden of asserting or providing an evidentiary basis to support the factual dispute. *VanVorous v Burmeister*, 262 Mich App 467, 477; 687 NW2d 132 (2004); *Village of Dimondale v Grable*, 240 Mich App 553, 567; 618 NW2d 23 (2000). A contention that additional discovery is warranted must be accompanied by an allegation of some independent evidence. *Davis v Detroit*, 269 Mich App 376, 379-380; 711 NW2d 462 (2005). "A mere promise that facts will be established is not sufficient." *VanVorous*, 262 Mich App at 479. Similarly, "[m]ere conjecture does not entitle a party to discovery, because such discovery would be no more than a fishing expedition." *Davis*, 269 Mich App at 380. "Without any assertion regarding what facts are disputed or likely to be uncovered by further discovery, allegedly incomplete discovery will not bar summary disposition." *VanVorous*, 262 Mich App at 477.

Perun asserts that the need for additional discovery was supported by his affidavit, as well as independent evidence, including documentation from the Federal Reserve Bank and the Office of the Comptroller. However, he failed to specify what facts he hoped to establish through discovery. Perun's conclusive statements are insufficient. He has not provided specific allegations of what additional evidence he expects will be produced in discovery. Accordingly, Perun has failed to meet his burden of showing a fair likelihood that further discovery will uncover support for his position.

## VII. THIRD AMENDED COMPLAINT AND RECONSIDERATION

Perun next argues that the trial court erred by failing to rule on his request to file a third amended complaint, which was attached to his motion for reconsideration. Because the proposed amendment would have been futile, this issue does not warrant appellate relief.

MCR 2.116(I)(5) provides that if the trial court grants summary disposition pursuant to MCR 2.116(C)(8), (9), or (10), "the court *shall* give the parties an opportunity to amend their pleadings as provided in MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." (Emphasis added.) The use of the term "shall" denotes mandatory action. *Manuel v Gill*, 481 Mich 637, 647; 753 NW2d 48 (2008). An amendment is not justified if it would be futile. *Liggett Restaurant Group, Inc v City of Pontiac*, 260 Mich App 127, 138; 676 NW2d 633 (2003). "A determination of futility must be based on the legal insufficiency of the claim on its face." *Id*. at 139. "An amendment would be futile if (1) ignoring the substantive merits of the claim, it is legally insufficient on its face; (2) it merely restates allegations already made; or (3) it adds a claim over which the court lacks jurisdiction[.]" *PT Today, Inc v Comm'r of the Office of Fin & Ins Servs*, 270 Mich App 110, 143; 715 NW2d 398 (2006) (citations omitted).

In the present case, amendment was not warranted because it would have been futile. Perun submitted a proposed amended complaint with his motion for reconsideration. A review

of that document reveals that it raises the same causes of action alleged in his previously filed complaint, but adds additional defendants. The recitation of the same claims with added parties is insufficient to warrant amendment. See *id.* (explaining that amendment would be futile when it merely restates the allegations already made).

Finally, Perun argues that the trial court abused its discretion by denying his motion for reconsideration. We disagree. "We review a trial court's decision on a motion for reconsideration for an abuse of discretion." *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). A review of the motion for reconsideration reveals that it re-asserted Perun's previous claims, none of which had merit. Under these circumstances, the trial court did not abuse its discretion in denying the motion. *Id.* at 629-630.

Affirmed.


/s/ Cynthia Diane Stephens
/s/ Michael J. Talbot
/s/ Jane M. Beckering