# STATE OF MICHIGAN

# COURT OF APPEALS

COMERICA BANK,

       Plaintiff-Appellee,

v

H.B. STUBBS PROPERTIES, LLC, H.B.
STUBBS HOLDINGS COMPANY, INC., H.B.
STUBBS COMPANY, LLC, H.B. STUBBS
COMPANY, LLC-EAST, H.B. STUBBS
COMPANY, LLC-WEST, STEPHEN O.
STUBBS, STEPHEN H. STUBBS, SCOTT W.
STUBBS, and THE HAROLD AND EVELYN
STUBBS 1996 EXEMPT FAMILY TRUST FOR
STEPHEN O. STUBBS,

       Defendants-Appellants.

UNPUBLISHED
December 22, 2016

No. 328425
Oakland Circuit Court
LC No. 2014-143341-CK

Before: GADOLA, P.J., and FORT HOOD and RIORDAN, JJ.

PER CURIAM.

Defendants appeal as of right a judgment for plaintiff in this collection action. The trial court granted plaintiff's motion for summary disposition and thereafter entered the judgment with respect to all defendants "except Scott O. Stubbs." On appeal defendants argue that the trial court erred when it granted plaintiff's motion for summary disposition before discovery was complete. We affirm.

This case arises out of two loan agreements between plaintiff and defendants, specifically the H.B. Stubbs corporate entities. In 2012, plaintiff agreed to lend the H.B. Stubbs corporate entities a principal amount of $4,000,000. Later that year, plaintiff agreed to lend one of the H.B. Stubbs corporate entities a principal amount of $800,000. The indebtedness was commemorated in two notes. On March 6, 2014, with the H.B. Stubbs corporate entities in default on the loans, the individual defendants entered into a Guaranty with plaintiff, which operated to make each individual defendant personally liable for the corporate entities' debts to plaintiff. In consideration, plaintiff and defendants executed a forbearance agreement wherein plaintiff agreed to forebear in its collection on the two notes until May 1, 2014. Under the forbearance agreement, defendants admitted that both notes were in default and waived all defenses they may have had against plaintiff regarding the indebtedness.

-1-

Plaintiff filed its complaint against defendants on October 6, 2014, alleging that the corporate entities were in breach of their obligations under the two loan agreements, and that the individual defendants were in breach of the Guaranty. The complaint alleged that defendants owed a total amount of $905,175.74 on the two notes. A scheduling order was entered on January 6, 2015, ordering plaintiff to submit an accounting within 21 days and stating that discovery would close on May 8, 2015.

Plaintiff filed its motion for summary disposition the next day, on January 7, 2015, pursuant to MCR 2.116(C)(9) and (C)(10), claiming that defendants had failed to assert a valid defense and that there was no genuine issue of material fact and that plaintiff was therefore entitled to judgment as a matter of law. Plaintiff supported the complaint with an affidavit from its vice president, Jacob Villemure, attesting that the amount sought in the complaint was correct. Defendants filed an objection to the motion contending that discovery was ongoing and that plaintiff had submitted its accounting six weeks past the scheduling order's deadline. Defendants included an affidavit from Stephen H. Stubbs, in which he stated that a payment of $45,000 made after the lawsuit was commenced may not have been credited to defendants' account. The affidavit also stated that "[t]here may be other transactions which are not properly reflected in [Villemure's affidavit]."

At the hearing on the motion for summary disposition, the trial court determined that defendants had failed to produce any evidence that disputed the amount owed. Plaintiff had provided an accounting that reflected the $45,000 payment, whereas defendants had provided no evidence that raised a genuine factual dispute as to damages. The trial court also found that defendants had failed to establish how further discovery would provide support to any defense to plaintiff's claim. The trial court therefore granted plaintiff's motion for summary disposition.

On appeal, defendants argue that the trial court erred when it granted plaintiff's motion for summary disposition because discovery had not been completed and that there still existed a genuine issue of material fact as to damages. We disagree.

This Court reviews de novo a trial court's grant of summary disposition to determine whether the moving party was entitled to judgment as a matter of law. *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 382; 872 NW2d 223 (2015). Summary disposition under MCR 2.116(C)(9) is warranted when a defendant has failed to plead a viable defense to a claim. The sufficiency of the defendant's pleading is tested by accepting all well-pleaded allegations as true. When reviewing a grant of summary disposition pursuant to MCR 2.116(C)(10), we consider the affidavits, pleadings, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). Summary disposition is appropriate under MCR 2.116(C)(10) when, except as to the amount of damages, there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds could differ, giving the benefit of reasonable doubt to the opposing party. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

A motion for summary disposition generally is considered to be premature if it is granted before discovery on a disputed issue is completed. *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 24-25; 672 NW2d 351 (2003). When a party asserts that summary disposition is inappropriate because discovery is incomplete, "the party must at least assert that a dispute does indeed exist and support that allegation by some independent evidence." *Davis v City of Detroit*, 269 Mich App 376, 380; 711 NW2d 462 (2006), quoting *Bellows v Delaware McDonald's Corp*, 206 Mich App 555, 561; 522 NW2d 707 (1994). "However, summary disposition may nevertheless be appropriate if further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position." *Peterson*, 259 Mich App at 25. "Mere conjecture does not entitle a party to discovery, because such discovery would be no more than a fishing expedition." *Davis*, 269 Mich App at 380.

As a preliminary point we note that in this case, pursuant to the trial court's scheduling order, discovery closed on May 8, 2015 and the trial court did not grant the motion for summary disposition until June 10, 2015. Therefore, discovery was closed at the time the motion was granted. Defendants, however, argue that even though discovery had officially closed, discovery was not completed on a disputed issue—damages. Defendants argue that there was a dispute as to damages because they had provided the affidavit of Stephen H. Stubbs, who claimed that a $45,000 payment to plaintiff may not have been credited to defendants' account. We disagree. Plaintiff provided an accounting that showed that the $45,000 payment was credited to defendants' account. Defendants, on the other hand, have failed to provide any independent evidence that the payment was not credited to their account.

Defendants further argue that plaintiff may have received other payments after the initiation of this litigation in addition to the $45,000. Defendants, however, did not provide proof of any such additional payments. Defendants' hope that further discovery would reveal other payments was therefore no more than conjecture. "Minimal independent evidentiary support" is required to successfully argue that a trial court should not grant summary disposition and should permit additional discovery. *Davis*, 269 Mich App at 380.

Moreover, not only must defendants provide some independent evidence that supports their assertions, they must show that any further discovery would "stand a reasonable chance of uncovering factual support" for their position. *Peterson*, 259 Mich App at 25. Defendants argue that if they had the opportunity to depose plaintiff's representative and review their consultant's findings, there likely would be evidence that could dispute the amount of damages owed. Defendants, however, have not shown that such additional discovery would stand a reasonable chance of uncovering a dispute as to damages. The general contention that there is a possibility that further discovery might reveal a dispute in damages is not sufficient to overcome summary disposition.

By contrast, plaintiff demonstrated before the trial court evidence as to both liability and damages. Plaintiffs provided the two loan agreements, the Guaranty, the forbearance agreement, the accounting, and Villemure's affidavit. These documents establish defendants' obligations and current amounts owed under both loans. Defendants have not claimed that plaintiff's accounting was wrong, only that further discovery might reveal a dispute regarding the amount owed. Because defendants have not provided even a minimal level of independent evidence

required to show a factual dispute as to damages, and the trial court did not err when it granted plaintiff's motion for summary disposition.

Lastly, defendants claim on appeal that they were not afforded complete discovery because plaintiff violated the trial court's discovery order when plaintiff's accounting statement did not conform to MCR 2.310(C)(5). This issue was argued before the trial court in defendants' motion to compel, which the trial court determined was moot. Defendants have not challenged the trial court's determination regarding the motion to compel, and because this Court need only consider issues properly presented, we decline to address the issue. *Royal Prop Group, LLC v Prime Ins Syndicate, Inc*, 267 Mich App 708, 721; 706 NW2d 426 (2006).

Affirmed.

/s/ Michael F. Gadola
/s/ Karen M. Fort Hood
/s/ Michael J. Riordan