*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA BURTON and SAMANTHA
ACHTABOWSKI, on Behalf of Themselves and
All Others Similarly Situated,

      Plaintiffs-Appellees,

v

MICHIGAN SUGAR COMPANY,

      Defendant-Appellant.

UNPUBLISHED
March 14, 2019

No. 341155
Bay Circuit Court
LC No. 16-003713-NZ

Before: METER, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Defendant appeals by leave granted the trial court's denial of its motion for summary disposition of plaintiffs' nuisance and negligence claims on statute of limitations grounds, and the denial of its motion for dismissal of plaintiffs' negligence claim for failure to allege a physical injury to person or property. For the reasons stated in this opinion, we reverse the trial court's denial of defendant's motion on statute of limitations grounds and remand for entry of an order dismissing plaintiffs' claims.

## I. BACKGROUND

Plaintiffs, on behalf of themselves and similarly situated persons living within 1.5 miles of defendant's sugar manufacturing facility in Bay City, Michigan, sued defendant because its sugar beet processing operation caused noxious odors that invaded their properties. Defendant's facility has been in operation since 1901. Plaintiffs alleged interference with their use and enjoyment of their properties and that their properties diminished in value or would do so in the future. In lieu of answering, defendant moved for summary disposition under MCR 2.116(C)(7) and (8) on the ground that plaintiffs' claims were time-barred by the applicable three-year

limitations period under MCL 600.5805(10),[1] and on the ground that plaintiffs failed to allege a present physical injury to person or property in their negligence claim. Plaintiffs opposed the motion and the trial court denied it but ordered plaintiffs to amend their complaint to set forth specific facts regarding the date or dates on which their claims accrued.

Plaintiffs amended their complaint, and again in lieu of answering, defendant moved for summary disposition under MCR 2.116(C)(7) and (8) on the same grounds. Plaintiffs opposed defendant's motion and the trial court denied it. Defendant sought leave to appeal on statute of limitations grounds and on the ground that plaintiffs failed to state a claim for negligence. This Court granted defendant leave to appeal. See *Burton v Mich Sugar Co*, unpublished order of the Court of Appeals, entered June 27, 2018 (Docket No. 341155).

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition pursuant to MCR 2.116(C)(7). *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Id*. at 119. "[O]nly factual allegations, not legal conclusions, are taken as true under MCR 2.116(C)(7)." *Davis v City of Detroit*, 269 Mich App 376, 379 n 1; 711 NW2d 462 (2006). In a summary disposition motion brought under MCR 2.116(C)(7), the trial court must consider the affidavits, pleadings, depositions, admissions, and any other documentary evidence submitted by the parties to determine whether a genuine issue of material fact exists. *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). If no material facts are in dispute, and if reasonable minds could not differ regarding the legal effect of the facts, whether a claim is barred is a legal issue for the trial court's determination. *Dextrom v Wexford Co*, 287 Mich App 406, 431; 789 NW2d 211 (2010).

## III. ANALYSIS

Defendant argues that the trial court erred because plaintiffs based their nuisance and negligence claims upon conduct and alleged injuries that occurred more than three years before plaintiffs filed their lawsuit. Defendant contends that plaintiffs' claims accrued long ago and the three-year limitation period expired resulting in plaintiffs' claims being time-barred under MCL 600.5805(10). We agree.

"To prevail in nuisance, a possessor of land must prove significant harm resulting from the defendant's unreasonable interference with the use or enjoyment of the property." *Adams v Cleveland–Cliffs Iron Co*, 237 Mich App 51, 67; 602 NW2d 215 (1999). This Court has recognized that a possessor of land may bring an action for nuisance when the possessor's enjoyment of the land is interfered with by "noise, vibrations, or ambient dust, smoke, soot, or fumes[.]" *Id*. "The essence of private nuisance is the protection of a property owner's or occupier's reasonable comfort in occupation of the land in question." *Adkins v Thomas Solvent*

---

[1] The Legislature recently amended MCL 600.5805 designating subpart (10) as subpart (2). See 2018 PA 183.

*Co*, 440 Mich 293, 303; 487 NW2d 715 (1992). "A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Id*. at 302. In *Capitol Props Group, LLC v 1247 Ctr Street, LLC*, 283 Mich App 422, 431-432; 770 NW2d 105 (2009) (citation omitted), this Court explained that a plaintiff must prove the following elements to establish a private nuisance claim:

> (a) the other has property rights and privileges in respect to the use or enjoyment interfered with, (b) the invasion results in significant harm, (c) the actor's conduct is the legal cause of the invasion, and (d) the invasion is either (*i*) intentional and unreasonable, or (*ii*) unintentional and otherwise actionable under the rules governing liability for negligent, reckless, or ultrahazardous conduct. To prove a nuisance, significant harm to the plaintiff resulting from the defendant's unreasonable interference with the use or enjoyment of property must be proven.

A nuisance claim is distinguishable from a negligence claim because nuisance is a condition and not an act or failure to act. *Travers Lakes Comm Maint Ass'n v Douglas Co*, 224 Mich App 335, 346; 568 NW2d 847 (1997). Our Supreme Court has explained that the test for a nuisance is objective: an activity will not rise to the level of a nuisance unless "of such a character as to be of actual physical discomfort to persons of ordinary sensibilities." *Smith v Western Wayne Co Conservation Ass'n*, 380 Mich 526, 536; 158 NW2d 463 (1968).

To establish a negligence claim, a plaintiff must plead and prove four elements: "(1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Finazzo v Fire Equip Co*, 323 Mich App 620, 635; 918 NW2d 200 (2018) (citation omitted). To prove negligence, "a plaintiff must demonstrate a present physical injury to person or property in addition to economic losses that result from that injury." *Henry v Dow Chem Co*, 473 Mich 63, 75-76; 701 NW2d 684 (2005).

Under Michigan law, the defendant bears the burden of establishing that a claim is barred by the statute of limitations. *Schaendorf v Consumers Energy Co*, 275 Mich App 507, 513; 739 NW2d 402 (2007) (citation omitted). Claims of damage to person or property are subject to a three-year statute of limitations pursuant to MCL 600.5805, which provides in relevant part:

> (1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.

> (2) . . . the period of limitations is 3 years after the time of the . . . injury for all actions to recover damages . . . for injury to a person or property.

MCL 600.5827, specifies in relevant part:

> the period of limitations runs from the time the claim accrues. The claim accrues at . . . the time the wrong upon which the claim is based was done regardless of the time when damage results.

This Court clarified that, when all of the elements of an action for injury to person or property are present, the claim accrues and the statute of limitations begins to run. *Froling Trust v Bloomfield Hills CC*, 283 Mich App 264, 290; 769 NW2d 234 (2009) (citation omitted). Therefore, the three-year limitations period for property damage claims arising out of nuisance or negligence begins running from the time that the claim accrues, which occurs when the wrong upon which the claim is based "was done regardless of the time when damage results." *Id*. at 279. Our Supreme Court explained in *Trentadue v Buckler Lawn Sprinkler*, 479 Mich 378, 388; 738 NW2d 664 (2007) (quotation marks and citation omitted), that the "wrong is done when the plaintiff is harmed rather than when the defendant acted." In *Terlecki v Stewart*, 278 Mich App 644, 655-656; 754 NW2d 899 (2008) (quoting *Horvath v Delida*, 213 Mich App 620, 627-628 540 NW2d 760 (1995)), this Court explained that "a continuing wrong is established by continual tortious acts, not by continual harmful effects from an original, completed act."

In *Township of Fraser v Haney*, ___ Mich App ___; ___ NW2d ___ (2018);[2] slip op 1-2, this Court considered when a public nuisance cause of action accrued. The case arose from the defendants' operation of a piggery on their property that emitted a foul stench from hog waste. This Court stated that, under MCL 600.5827, the period of limitation ran from the time the claim accrued which started when the wrong occurred regardless of when damage resulted. *Id*. at ___; slip op at 6. This Court explained:

> the wrong alleged for purposes of accrual occurred when defendants first began to keep hogs on the subject property, regardless of when it began to result in recoverable damage. Defendants presented undisputed evidence that they had kept hogs on the property since 2006. Plaintiff filed this suit in 2016, and therefore plaintiff's case was time-barred.
>
> * * *
>
> What is relevant, then, is not when plaintiff learned of defendants' violation, but when the violation first took place. [*Id*. (citations omitted).]

In *Fraser*, the plaintiff argued that each day that the defendants kept pigs on their property constituted a separate zoning violation that resulted in the nuisance accrual period beginning anew each day.[3] This Court ruled that plaintiff's argument lacked merit because it rested on the continuing wrongs doctrine which "this Court completely and retroactively abrogated . . . including in nuisance cases." *Id*. at ___; slip op at 6 (citing *Froling Trust*, 283 Mich App at 288).

---

[2] This Court recently approved the publication of its opinion. See *Township of Fraser v Haney*, unpublished order of the Court of Appeals, entered September 18, 2017 (Docket No. 337842).

[3] The plaintiff relied on its zoning ordinance that specified that each violation and every day of a violation constituted a separate offense. *Id*. at ___; slip op at 6.

In *Henry v Dow Chemical Co*, 501 Mich 965; 905 NW2d 601 (2018), a nuisance action in which the plaintiffs alleged that the defendant bore liability for the presence of dioxin on their real properties, our Supreme Court reversed this Court's decision affirming the trial court's ruling that plaintiffs timely filed their complaint. Our Supreme Court explained that:

> MCL 600.5827 provides that the three-year limitations period for property damage claims arising out of negligence or nuisance, MCL 600.5805(10), begins to run from "the time the claim accrues," and "the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." See *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich 378, 387; 738 NW2d 664 (2007). The wrong is done when the plaintiff is harmed. *Id*. at 388. As explained by dissenting Judge GADOLA, the claimed harm to the plaintiffs in this case is the presence of dioxin in the soil of their properties. The period of limitations began to run from the date that this "wrong" occurred. The circuit court must therefore determine the accrual date of the plaintiffs' claims based on the occurrence of the wrong—the presence of dioxin on the plaintiffs' properties.

In *Froling Trust*, 283 Mich App 264, a case in which the development of neighboring properties over many years led to recurring instances of flooding of the plaintiff's property, this Court considered when the plaintiff's nuisance claim accrued under MCL 600.5805(10). This Court first explained that, despite their allegation of a recurrent nuisance, the plaintiff could not rely upon the continuing wrongs doctrine to save its claim because that common law doctrine had been completely and retroactively abrogated by *Garg v Macomb Co Comm Mental Health Serv*, 472 Mich 263; 696 NW2d 646 (2005), amended 473 Mich 1205 (2005), and its progeny. *Id*. at 288. This Court considered the evidence in the trial court record and concluded that the defendants' respective harmful conduct years ago triggered the running of the three-year limitations period. This Court explained:

> Subsequent claims of additional harm caused by one act do not restart the claim previously accrued. For the purposes of accrual, there need only be one wrong and one injury to begin the running of the period of limitations. In sum, the accrual of the claim occurs when both the act and the injury first occur, that is when the "wrong is done." [*Id*. at 291.]

In this case, the parties disagree on when plaintiffs' claims accrued. Plaintiffs contend that their claims only started accruing three years before they filed their complaint in this action. Plaintiffs conceded in the trial court proceedings that defendant's operation of its facility historically emitted foul odors long before the date on which they assert that their claims accrued. They also conceded that they previously sued defendant for noxious odor emissions and injuries to person and properties. They assert that, each day that defendant's facility emitted noxious odors, a new wrong giving rise to a separate nuisance claim occurred that began anew the claim accrual period. Defendant contends that plaintiffs base their current claims on a continuing wrong and therefore their claims accrued and the three-year limitations period expired before they filed their complaint.

The principles articulated in *Froling Trust*, *Henry*, and *Fraser*, require that, to decide the statute of limitation issue presented in this case, we must determine two things: (1) what was the "wrong," and (2) when did the "wrong" cause injury to plaintiffs. Analysis of the facts alleged in plaintiffs' amended complaint and the evidence presented to the trial court indicate that both plaintiffs' negligence and nuisance claims arose from defendant's negligent operation and maintenance of its facility. For accrual determination purposes, defendant's operation of its facility constituted the wrong alleged. Plaintiffs likewise alleged that that wrong caused and continued to cause the emissions of noxious odors.

Plaintiffs' factual allegations in their amended complaint also indicated that the "wrong" caused injury to plaintiffs dating back many years before November 7, 2013, the date three years before plaintiffs filed this lawsuit. We find that plaintiffs' allegations plainly reveal that they and other local residents complained of the wrong and the resulting noxious odor emission numerous times many years before November 7, 2013. Although the record reflects that the number of complaints increased during 2013 and thereafter, plaintiffs' allegations establish that the alleged wrong caused plaintiffs alleged nuisance injuries long before November 7, 2013. We conclude that the wrong coupled with the injury triggered the running of the three-year period of limitations under MCL 600.5805(2) before November 7, 2013.

Plaintiffs' allegations that defendant's wrong recently increased the severity of the noxious odors emissions does not change the accrual of plaintiffs' claims or the running of the three-year limitations period because the elements of plaintiffs' claims were all present long before November 7, 2013. The record reflects that, over a decade before filing this lawsuit, plaintiffs alleged the same wrong, the same emission of noxious odors, and injuries to their persons and properties. The record establishes that plaintiffs' claims accrued over three years before plaintiffs filed this lawsuit and the three-year limitations period expired before they filed suit. Because plaintiffs filed this action after the expiration of the applicable three-year limitations period, their claims were time-barred and should have been dismissed. Consequently, the trial court erred by denying defendant's motion for summary disposition under MCR 2.116(C)(7). Because our decision regarding the statute of limitations issue is dispositive, we decline to consider defendant's remaining issue.

Reversed and remanded to the trial court for entry of an order dismissing plaintiffs' claims as time-barred. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Deborah A. Servitto
/s/ James Robert Redford